**AUTOMATIC PAPER MACHINERY CO., Inc., v. JULIUS LEVINE & CO. (MENASHA PRODUCTS CO., Intervener).**

No. 5549.

Circuit Court of Appeals, Third Circuit.

April 23, 1935.

Rehearing Denied July 9, 1935.

Pennie, Davis, Marvin & Edmonds, of New York City (George E. Middleton, of New York City, of counsel), for appellant.

Alexander C. Mabee, Charles W. Hills, and Charles W. Hills, Jr., all of Chicago, Ill., and Holland S. Duell, David S. Kane, and Charles H. Howson, all of New York City, for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This case involves the settlement of a decree in a patent case. The patent involved was found by the court below valid and infringed, and its holding was affirmed by this court in an opinion reported in 63 F.(2d) 547, 549.

The patent concerns a paper box in which is a roll of waxed wrapping paper which engages a metallic serrated edge of the box and against which serrated edge the paper, as it is drawn from the box container, is pressed and cut off. By reference to that case, the mechanism will be fully understood and needless repetition avoided. While the appeal was pending, a master, appointed on an accounting, was considering whether three container boxes which the defendant manufactured after the bill was filed, but which were not before this court on the appeal, infringed the patent. He reported they did not, and the court confirmed his report. Thereupon the patentee took this appeal. It is but fair to master and court below to say that in making their several decisions they did not have the benefit of the clear and instructive opinion of Judge Woolley which was later filed.

A study of that opinion shows that, so far as the paper box was a mere container and only functioned as such, there was no invention involved. But it made it clear that the flap overlapping the side of the box, while it acted as a container inclosure, served no function, while in that position, as a cutting instrument. In that regard this court said: "When on the outside it may, conceivably, aid the use of the box

as a container by protecting the waxed paper roll from dust, in which there is nothing remotely inventive."

But the invention lay in putting this outer flap, provided with a metallic serrated edge, inside the box wall, whereby such flap, when in the latter position, formed what the opinion happily described as a "cardboard dike," which retarded the paper as withdrawn, held it taut and in position for the serrated wall to cut it as it was torn off. In the opinion it is said:

"The cover of this one-piece box is provided with a flap which may lie over the front wall and thereby conceal its cutting edge, or which may—and does in use—extend behind the front wall and act as a guide for the paper as it is unwound and withdrawn from the enclosed roll. * * * Thus it becomes a sort of cardboard dike which regulates the flow of paper. When the paper is on its way out between the flap and front wall (topped with a saw cutter) the flap makes a frictional engagement with the paper between itself and the front wall and between itself and the bottom, thus creating a drag against the manual pull, which tightens the paper and insures a clean, regular tearoff across the serrated cutter and avoids the irregular tearoff which naturally occurs when a loose sheet is drawn across it. This arrangement, it is testified, adds greatly to con-venience and economy in the use of waxed paper and is also 'foolproof.' "

Of the three boxes which the defendant later made and which are now involved, we pass by two of them, as they proved worthless and unmarketable, and confine ourselves to the third, known as · P-30, which the master held did not infringe. After due consideration, we find it, does infringe.

While in the manufacture of their own box the defendant does not place its flap in a position overlapping the outer wall of its container—though it is capable of being shifted to that position—it does place it inside such container wall, where it functions in clamping, forming a dike, and serves to cut the paper in precisely the same way as does the plaintiff's device. While the defendant's box is inactive and is a mere container and does not have the serrated edge on the outside of the box wall, yet, when it comes to such box acting to tear the serrated edge, its flap is in the same functioning relation and place as is plaintiff's. Without now considering the discarded models P-28 and P-29, we hold P-30 does infringe, and the record will be returned to the court below with instructions to so decree and to retain jurisdiction in P-28 and P-29 as to their alleged infringement in case defendant hereafter makes them.