## AUTOMATIC PAPER MACHINERY CO., Inc., v. MARCALUS MFG. CO., Inc., et al.

### No. 5334.

District Court, D. New Jersey.
June 23, 1939.

Pennie, Davis, Marvin & Edmonds, of New York City (George E. Middleton, of New York City, of counsel), for plaintiff.

Wall, Haight, Carey & Hartpence, of Jersey City, N. J. (Thomas G. Haight and Frederic W. Schumann, both of Jersey City, N. J., of counsel), for defendants.

FAKE, District Judge.

This is a patent suit in which the plaintiff seeks injunctive relief and an accounting.

The defendant Nicholas Marcalus was the original and sole inventor of certain improvements in a box for paper rolls. Thereafter, on obtaining a patent for the same No. 1,630,495, he assigned it to the plaintiff corporation of which he was one of the founders, its Vice President, Treasurer and Manager of Production. He later sold out his interests in the plaintiff corporation and left plaintiff's employ and organized the defendant corporation for the purpose of manufacturing and vending boxes for paper rolls. His position therefore in this litigation is such that he cannot deny the validity of the patent in suit, nor can the corporate defendant deny the validity thereof.

This patent was held valid and infringed by the Circuit Court of Appeals of this Circuit in Julius Levine & Co. et al. v. Automatic Paper Machinery Co., 3 Cir., 63 F.2d 547, and held infringed in Automatic Paper Machinery Co., Inc. v. Julius Levine & Company et al., 3. Cir., 78 F.2d 504. This Court must therefore, for the

two reasons above given, proceed upon the theory of validity, and the only question before the Court is that of infringement.

 The defendants offered in evidence a certain box known as the "Handy Wax Paper" box from which it would appear that there was a prior use very much like that covered by the patent in suit, and which was manufactured and sold more than two years prior to the filing of the patent in suit. That box has never before been brought to the attention of this Court, and, of course, the Circuit Court of Appeals has never dealt with it. The only difference between it and the box of the defendants exhibit P–3 is that the flap or cover thereof to which the metallic cutting edge is annexed extends over the outside down to the bottom of the box, while that of the defendants' extends only about two-thirds of the distance between the top and the bottom. This difference is so slight as to be a mere distinction in which no question of invention could be involved. It follows therefore that the two boxes are, for present purposes, the same.

It cannot be reasoned here in this Court, however, that because the defendants' box is almost a replica of a box used long prior to the patent in suit, that the defendants here may thus be freed of infringement against the plaintiff's patent, since to do so would be to find the patent in suit invalid, and as has been said both defendants are estopped from denying the validity of plaintiff's patent, and at the same time such reasoning would lead to a neglect here to follow the decisions of the Circuit Court above cited.

The question here then narrows down to the single issue as to whether or not the defendants' box infringes the plaintiff's patent. The Circuit Court having heretofore held that a certain box known as the "Waxtex" box exhibit P–4 infringed the plaintiff's patent. See 78 F. 2d 504. It is logical to compare the "Waxtex" box with the box of the defendants. Doing so will disclose that the two boxes are identical with the exception that the "Waxtex" box has an extra inside flap extending from the top front wall thereof down inside the box to a point slightly above the bottom. Plaintiff's patent mentions no such inside flap, and it follows that in dealing with infringement in 78 F.2d 504, the Circuit Court ignored it as having no bearing on the case. It will therefore be ignored here. It follows that

for present purposes the defendants' box is the same as the "Waxtex" box, and the latter being an infringing box so is that of the defendants.

It is urged for the defendants that their box does not infringe the patent in suit, and that may well be true, but if this Court so holds, it would result in a finding here that the opinion in the Circuit in 78 F.2d 504 was of no effect.

An order will be entered in conformity herewith.